### In re FARMERS INSURANCE CO., INC., INSURANCE PREMIUMS LITIGATION

**Harry Corl, et al. v. Farmers Insurance Co., Inc., et al., E.D. Arkansas, C.A. No. 4:03-456**

**Russell Autry, et al. v. Farmers Insurance Group, et al., E.D. Arkansas, C.A. No. 4:03-656**

**Donna S. Mobbs v. Farmers Insurance Co., Inc., W.D. Oklahoma, C.A. No. 5:03-158**

**No. 1564.**

Judicial Panel on Multidistrict Litigation.

Nov. 28, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions in the Eastern District of Arkansas and one action in the Western District of Oklahoma.[1] Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiff in the Western District of Oklahoma action for coordinated or consolidated pretrial proceedings of these actions in that district or, as stated at oral argument, the Northern District of Alabama or the Eastern District of Arkansas. Plaintiff in a potential tag-along action in the Northern District of Alabama supports the motion, but suggests the Northern District of Alabama as transferee district. Initially, plaintiffs in the two actions included in the

---

1. In addition to the actions presently before the Panel, the parties have identified at least four related actions. These four actions are pending, respectively, in the Northern District of Alabama, the Eastern District of Arkansas, the Eastern District of Michigan, and the Western District of Texas. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

motion and now pending in the Eastern District of Arkansas opposed the motion, but, in the event the Panel granted the motion, then plaintiffs in one Eastern District of Arkansas action (*Corl*) supported centralization in the Eastern District of Arkansas. At oral argument, however, these plaintiffs withdrew their opposition to the motion and also stated their support for transfer to the Northern District of Alabama. Defendants Farmers Insurance Company, Inc.; Farmers Group, Inc.; Farmers Insurance Exchange; Fire Insurance Exchange; and Fire Underwriters Association (collectively Farmers) oppose the motion. In the alternative, should the Panel grant the motion over their objections, then Farmers does not object to centralization in the Western District of Oklahoma, but also proposes the District of Oregon as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Oklahoma will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs bring their respective actions on behalf of overlapping putative classes and allege that one or more of the Farmers entities violated the notification and disclosure requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, in their use of consumer reports for the qualification, underwriting and rate-setting processes for certain policies of insurance. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Oklahoma is an appropriate transferee forum for this litigation. We note that an action is pending there and that this choice provides a convenient, central forum. Moreover, we are assigning this litigation to a district which does not currently have any other multidistrict litigation docket and to a judge whose caseload is favorable to accepting this assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Western District of Oklahoma are transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Stephen P. Friot for coordinated or consolidated pretrial proceedings with the action pending in that district.

IT IS FURTHER ORDERED that MDL–1564 is renamed as follows: MDL–1564—*In re Farmers Insurance Co., Inc., FCRA Litigation.*